UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESSIHA LANCASTER,

        Plaintiff,

v.

HAROLD CLARK, *et al.,*

        Defendants.

Case No.  C07-5251 RJB/KLS

ORDER DENYING PLAINTIFF'S MOTION FOR PHYSICAL AND MENTAL EXAMINATION PURSUANT TO RULE 35(a)

    Before the Court is Plaintiff's Motion for Physical and Mental Examination.  (Dkt. # 83).  Having carefully reviewed the motion, Defendants' opposition (Dkt. # 84) and the balance of the record, the Court finds that the motion should be denied.

## DISCUSSION

    Plaintiff is currently housed at Stafford Creek Corrections Center (SCCC).  (Dkt. # 58).  Plaintiff sues several DOC employees, including medical employees, as Defendants, alleging that he was subject to cruel and unusual punishment under the Eighth Amendment when Defendants failed to properly treat his priapism.  (*Id.*).  Plaintiff now seeks a physical and medical examination upon himself under Federal Rule of Civil Procedure 35(a).

    Rule 35 provides that "when the mental or physical condition . . . of a party . . . is in controversy,

ORDER
Page - 1

the court in which the action is pending may order the party to submit to a physical or mental examination . . . ." Fed. R. Civ. P. 35(a).  Rule 35 is a discovery tool. Fed. R. Civ. P. 26(a)(5).   Defendants argue that Plaintiff cannot conduct discovery upon himself, nor can he ask the Court to order it upon him. Defendants argue further that Plaintiff's motion is instead an attempt to obtain a court appointed expert at public expense to provide a diagnosis to support Plaintiff's claims.

Plaintiff's motion seeks the appointment of an expert to provide a diagnosis to support Plaintiff's request for compensatory damages "for the value of body parts and phisical [sic] functions which were lost."  (Dkt. # 83, Attach. 2, p. 2).  Plaintiff also requests that the Court order a physical and mental examination by experts not employed by the DOC.   As Plaintiff is apparently requesting that this appointment be made a public expense, the Court construes his motion as one for a court appointed expert under Rule 706 of the Federal Rules of Evidence.  Under Rule 706, a district court has the authority to appoint a neutral expert on its own motion or on the motion of a party. *Students of Cal. School for the Blind v. Honig*, 736 F.2d 538, 549 (9th Cir. 1984), vacated on other grounds, 471 U.S. 148 (1985). However, courts rarely exercise the authority granted under Fed. R. Evid. 706. 29 Charles Wright and Victor Gold, FEDERAL PRACTICE AND PROCEDURE § 6304 (1997).  The determination to appoint an expert under this rule rests solely in the Court's discretion and is to be informed by such factors as the complexity of the matters to be determined and the fact-finder's need for a neutral, expert view. See *Ledford v. Sullivan*, 105 F.3d 354, 358-59, 361 (7th Cir. 1997); *Fugitt v. Jones*, 549 F.2d 1001, 1006 (5th Cir. 1977); *Scott v. Spanjer Bros., Inc.*, 298 F.2d 928, 930-31 (2nd Cir. 1962).

The Court does not find that an expert is required in this case.  The question of whether Defendants have violated Plaintiff's constitutional rights by failing to properly treat his priapism is not so complicated or difficult that an expert is required to present or prove the case.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion for physical and mental examination (Dkt. # 83) is **DENIED**; and

(2)     The Clerk of the Court shall send copies of this Order to the Plaintiff and counsel for Defendants.

DATED this 4th day of December, 2007.

                                               Karen L. Strombom
                                               United States Magistrate Judge