UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESSIHA LANCASTER,

          Plaintiff,

   v.

HAROLD CLARK, *et al.*,

          Defendants.

Case No. C07-5251RJB

ORDER ADOPTING THE REPORT AND RECOMMENDATION AND RE-REFERRING CASE TO MAGISTRATE JUDGE

     This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Karen L. Strombom (Dkt. 110) and Plaintiff's *Objection to Magistrate's Ruling on Denying Motion for Appointment of Councle [sic] re (107)* (Dkt. 116). The Court has reviewed the Report and Recommendation, Objections to the Report and Recommendation (Dkt. 112), the pleadings related to Plaintiff's *Objection to Magistrate's Ruling on Denying Motion for Appointment of Councle [sic] re (107)* (Dkt. 116), and the remaining file herein.

     Plaintiff, a pro se prisoner, brings this action pursuant to 42 U.S.C. § 1983. Dkt. 58. He alleges that Defendants violated his constitutional right to be free of cruel and unusual punishment when they were deliberately indifferent to his serious medical needs. *Id*. He also alleges that Defendants Boren, Quenga, and Yeager, guards at the Washington Correction Center ("WCC"), sexually assaulted him and/or assisted in sexually assaulting him on October 5, 2005. *Id*.

/

ORDER - 1

### A. OBJECTIONS TO THE REPORT AND RECOMMENDATION RE: MOTION FOR TEMPORARY INJUNCTION

The Report and Recommendation recommends denial of Plaintiff's motion for a temporary injunction. Dkt. 110. Plaintiff's motion seeks an order prohibiting his transfer to WCC and restraining orders against Defendants Boren, Quenga, and Yeager. Dkt. 90. Plaintiff is currently incarcerated at the Stafford Creek Correctional Center ("SCCC") in Aberdeen, Washington. Dkt. 58.

Plaintiff describes the October 5, 2005 incident in an affidavit attached to his Objections to the Report and Recommendation. Dkt. 112, at 8-11. According to Plaintiff,

> On 10-5-05 at aprox [sic] 4:00 p.m. I was escorted by Washington Corrections Center Intensive Management Staff: Corrections Officers Travis Boren and Joseph Quenga so I could see physisian [sic] Dr. Goldenson for examination of problems steming [sic] 12/23/04 diagnosis of priapism, note all intensive management moves/escorts are done with inmates hands cuffed behind their backs. I was taken to a dim lit [sic] room with a wooden desk in the middle where administration holds classification hearings ½ way through examination the doctor told escort staff Travis Boren and Joseph Quenga that he was going to need to do rectal prostate examination and told escort staff I needed to be unhandcuffed. Escorting staff stated that they would not uncuff me! With me handcuffed behind my back with c/o Boren holding (leash-tether, Dog leash standered [sic] to hook to inmates hand cuff's [sic]). C/O Joseph Quenga pushed me face down so I was bent over the wooden table at that point Joseph Quenga pulled a pocket kniff [sic] out of his pocket and cut a hole down the back of my issued coveralls and cut off the back of my underwear while c/o Travis Boren watched and held leash-teather [sic]. At that time dockter [sic] told escort staff Travis Boren and Joseph Quenga he was going to need lubrication for rectal prostate exam. C/O Travis Boren stated over institutional radio we need lubrication to give Inmate Lancaster a rectal examination. An officer later named Mark Yeager replied to request over institutional radio "we can get you some butter off a meal tray use that." At that time I became angre [sic] stating get me the hell out of here but as I struggled to stand c/o Joseph Quenga would not let me up. Aprox. [sic] three minutes later dispite [sic] my refusal and no consent, Dr [sic] proceeded to do rectal prostate exam with butter I believe do to the way the examination was done as main medical is a distance to which could not be covered in three minutes.

Dkt. 112, at 8-9. Plaintiff states that he is afraid of reprisal from Defendants Boren, Quenga, and Yeager if he is moved back to WCC. *Id*., at 1-2. As of early January, Plaintiff states that he has four months of his sentence left. *Id*., at 2.

"To obtain a preliminary injunction, [Plaintiff] must show either (1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to

ORDER - 2

the merits and the balance of hardships tipping in [Plaintiff's] favor." *Nike, Inc. v. McCarthy,* 379 F.3d 576, 580 (9th Cir. 2004)(*internal quotations omitted*). To secure injunctive relief, a plaintiff must demonstrate "a very significant possibility" that future harm will ensue. *Nelsen v. King County,* 895 F.2d 1248, 1250 (9th Cir. 1990).

The Report and Recommendation should be adopted. Plaintiff has failed to "show a likelihood of success on the merits and the possibility of irreparable injury" if his motion is not granted. He has not shown that it is "a very significant possibility" that future harm will ensue. He has not shown that there is any intention of moving him, or that any reprisal is likely. He has not shown that this is the type of incident likely to be repeated. Plaintiff has not shown "the existence of serious questions going to the merits" or that the balance of hardships tips in his favor. The Report and Recommendation (Dkt. 110) should be adopted and his Motion for a Temporary Restraining Order (Dkt. 90) should be denied.

**B.   APPEAL OF ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff's *Objection to Magistrate's Ruling on Denying Motion for Appointment of Councle [sic] re (107)* (Dkt. 116) should be construed at an appeal of a Magistrate Judge's order pursuant to Fed. R. Civ. P. 72(a). Fed. R. Civ. P. 72(a) provides:

> Nondispositive Matters. A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Plaintiff appeals Judge Strombom's January 25, 2008 Order Denying Plaintiff's Second Motion for Appointment of Counsel (Dkt. 115). Dkt. 116. Under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel. Under Section 1915, the court may appoint counsel in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236

ORDER - 3

(9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims pro se in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Judge Strombom's order should be affirmed. Plaintiff has not shown that he is likely to succeed on the merits. Even if Plaintiff had made a showing that he is likely succeed on the merits of the case, he still has not presented exceptional circumstances warranting appointment of counsel. Plaintiff is able to articulate his positions adequately and raise issues to the court. Plaintiff's argument, that he suffers from mental illnesses which prevent him from sufficiently bringing his case, is undercut by his pleadings. Moreover, the issues raised here do not appear to be complex. The January 25, 2008 Order Denying Second Motion for Appointment of Counsel (Dkt. 115) was not clearly erroneous or contrary to law. Judge Strombom's January 25, 2008 Order should be affirmed.

Therefore, it is hereby **ORDERED** that:

- The Court **ADOPTS** the Report and Recommendation (Dkt. 19), and Plaintiff's Motion for a Temporary Restraining Order (Dkt. 90) is **DENIED**;
- Plaintiff's *Objection to Magistrate's Ruling on Denying Motion for Appointment of Councle [sic] re (107)* (Dkt. 116) is **DENIED**, and Judge Strombom's Order Denying Second Motion for Appointment of Counsel (Dkt. 115) is **AFFIRMED**;
- This matter is **RE-REFERRED** to Judge Karen L. Strombom;
- The Clerk of the Court is instructed to send uncertified copies of this Order to all parties appearing pro se, to all counsel of record and to the Honorable Karen L. Strombom.

DATED this 12th day of February, 2008.

ROBERT J. BRYAN
United States District Judge

ORDER - 4