UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESSIHA LANCASTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HAROLD CLARK, *et al.*<br><br>　　　　　Defendants. | Case No. 07-5251 RJBKLS<br><br>ORDER DENYING THIRD MOTION FOR APPOINTMENT OF COUNSEL |

Before the Court is Plaintiff's third motion for appointment of counsel. (Dkt. # 130). Having reviewed the motion, Defendants' response (Dkt. # 131), and balance of the record, the Court finds for the reasons stated below that Plaintiff's motion should be denied.

## I. DISCUSSION

As Plaintiff has been repeatedly advised, there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe,* 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues

ORDER - 1

involved. *Wilborn*, 789 F.2d at 1331.  Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under Section 1915(d).  *Id*.

On December 10, 2007, immediately after the Court denied his first Motion for Appointment of Counsel, Plaintiff filed his second Motion for Appointment of Counsel. (Dkt. # 107).  Plaintiff provided no new information that warrants the appointment of counsel. Plaintiff argued that he requires assistance of counsel because he suffers from mental health disorders that affect his ability to function on a daily basis.  However, Plaintiff did not demonstrate any difficulty articulating his claims or expressing the issues in this case, nor did he provide any information to indicate that he is likely to succeed on the merits.

In the present motion, Plaintiff expresses concerns about his ability to respond to Defendants' pending summary judgment motion.  (Dkt. # 130).  The difficulties claimed by Plaintiff are of the type which many pro se litigants encounter and do not indicate exceptional factors warranting the appointment of counsel.

The court is troubled by Plaintiff's repeated motions raising no exceptional circumstances that were not addressed or previously considered by the court.  Under Rule 11 of the Federal Rules of Civil Procedure, Plaintiff's signature on a pleading is an indication that the motion is brought in good faith and is not designed to needlessly increase the cost of litigation.  The court accepts that Plaintiff's third motion was brought in good faith.  However, Plaintiff is warned that any future motions should address the proper legal standards for appointment of counsel.  Failure to do so may result in sanctions, which may include costs, monetary sanctions, and possibly dismissal of the action.

Accordingly, the Court finds that counsel is not necessary in this case and Plaintiff's third motion to appoint counsel (Dkt. # 130) is **DENIED**.

ORDER - 2

1     The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

2     DATED this  24th  day of June, 2008.

                                                        Karen L. Strombom  
                                                        United States Magistrate Judge

ORDER - 3