# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

JESSIHA LANCASTER,

   Plaintiff,

v.

HAROLD CLARK, *et al.*,

   Defendants.

Case No. C07-5251RJB

ORDER ADOPTING THE REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Karen L. Strombom. Dkt. 137. The Court has reviewed the Report and Recommendation and the remaining file herein.

On May 23, 2008, Defendants filed a motion for summary dismissal of Plaintiff's claims. Dkt. 129. After granting an extension of time for Plaintiff to file a response, Judge Strombom issued her Report and Recommendation. Dkt. 137. Plaintiff failed to respond to either the Motion for Summary Judgment or file objections to the Report and Recommendation. Western District of Washington Local Fed. R. Civ. P. (b)(2) provides that failure to respond to a motion may be considered by the court as an admission that the motion has merit. Plaintiffs' failure to respond to Defendants' motion is so construed. The Report and Recommendation should be adopted.

ORDER - 1

Upon de novo review of the motion, the Court notes that Defendant Kevin Boren was not mentioned in the Motion for Summary Judgment. Dkt. 129. As to Kevin Boren, the Amended Complaint alleges "[t]his Defendant is a correctional specialist and acted under color of state law and is responsible for the overall well being of DOC Inmates and acted in his individual and official capacity as he is named here." Dkt. 80 at 7. No further mention of him appears in the Amended Complaint.

The Motion for Summary Judgment does move for the dismissal of certain Defendants due to their lack of personal participation. Dkt. 129. Defendants move, in the Conclusion, for a dismissal of all claims with prejudice. *Id.*

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007)(*internal citations omitted*). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

Turning to the case at hand, "[a] person deprives another of a constitutional right, where that person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which that person is legally required to do that causes the deprivation of which complaint is made." *Hydrick v. Hunter,* 500 F.3d 978, 988 (9th Cir. 2007) (*citing Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The "requisite causal connection can be established not only by some kind of direct

ORDER - 2

personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id.*

The Amended Complaint does not allege the Kevin Boren did an affirmative act, participated in another's affirmative acts, or omitted to perform an act which that person is legally required to do that causes the deprivation of which complaint is made. *Hydrick,* at 988. The Amended Complaint makes no allegation that Kevin Boren set in "motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id*. Plaintiff has failed to state a claim against Defendant Kevin Boren. Accordingly, the claims made against Kevin Boren, to the extent any are made, should be dismissed without prejudice. *See Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1056 n.3 (9th Cir. 2005) (under Fed. R. 12(b)(6), dismissal of the complaint is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief).

The Court does hereby find and **ORDER**:

1) The Court **ADOPTS** the Report and Recommendation (Dkt. 137),
2) The Defendants' Motion for Summary Judgment (Dkt. 129) is **GRANTED**;
3) Plaintiff's claims against Defendants Joseph Quenga, Kevin Boren, and Travis Boren are **DISMISSED WITHOUT PREJUDICE;**
4) Plaintiff's claims against Defendants Michelle Alejo, Ruben Cedeno, Harold Clarke, James Dunivan, Bettyjane Ehrlich, Louie Figueroa, Lisa Kessler, Larry Malcom, Fred Navarro, Steve Ramsey, Marc Stern, Michael Watkins, and Mark Yeager are **DISMISSED WITH PREJUDICE**;
5) The Clerk of the Court is instructed to send uncertified copies of this Order to all parties appearing pro se, to all counsel of record and to the Honorable Karen L. Strombom.

DATED this 17th day of September, 2008.

ROBERT J. BRYAN
United States District Judge